[Civ. No. 29765. Fourth Dist., Div. Two. Sept. 20, 1984.]

In re the Marriage of TERRY CAROL and MICHAEL D. BENART.
MICHAEL D. BENART, Appellant, v.
TERRY CAROL BENART, Respondent.

COUNSEL

Daugherty, Cichy & Eckl, David J. Daugherty and David J. Rinaldi for Appellant.

No appearance for Respondent.

OPINION

THE COURT.*—In a proceeding to dissolve the marriage of Michael D. Benart (husband) and Terry C. Benart (wife), husband has appealed from portions of the interlocutory judgment dealing with the family residence.

*Before Morris, P. J., Rickles, J., and McDaniel, J.

He contends the trial court erred in failing to apply newly enacted sections 4800.1 and 4800.2 of the Civil Code.

## FACTS

In January 1977, before the marriage, wife purchased a house and lot for $38,500. She paid $2,050 down and obtained a loan of $36,450 for the balance, secured by a first trust deed on the property. Wife's payments on the first trust deed note were $336 per month.

In June 1978, still before the marriage, wife borrowed $10,700 secured by a second trust deed on the property. Her payments on the second trust deed loan were $206 per month.

The parties were married on April 12, 1980, and the property was the family home. After the marriage, payments on the first and second trust deed loans were made from community funds. The fair market value of the property at the time of marriage, disregarding encumbrances, was $80,000.

On September 29, 1980, a grant deed was recorded by which wife conveyed the property to herself and husband as joint tenants. Apparently the parties were not described as "husband" and "wife" in the deed.

According to wife's trial testimony, shortly after the marriage husband had asked her to put the property in both their names, at the same time assuring her the property would always be hers and he would never take it from her. When wife did not comply with this request, husband stopped speaking to her, would not engage in sexual relations for weeks at a time, and absented himself from the home without explanation. Wife testified she was close to a nervous breakdown as a result of this treatment when she decided to execute the joint tenancy deed to save the marriage, relying on husband's assurances that the property would always be hers.

Husband, in his trial testimony, denied requesting a joint tenancy deed. He said wife executed and recorded the deed without consulting him.

The parties separated on April 20, 1981. After separation, wife continued to reside in the house and made all payments on the first and second trust deed loans.

At the time of trial, in November 1982, the fair market value of the property was $80,000, exactly the same as at the time of marriage. The balances due on the first and second trust deed loans were $34,400 and $5,600, respectively.

The parties stipulated that the balance on the first trust deed loan was reduced by $350 between the date of marriage and the date of separation, while the balance on the second trust deed loan was reduced by $1,150 during the same period.

At the conclusion of the brief trial, the judge said he found wife's testimony to be more credible than husband's. The presumption raised by the joint tenancy deed was overcome by the evidence of an oral understanding or agreement that the property was to remain wife's separate property. Under the *Moore/Marsden* formula (*In re Marriage of Moore* (1980) 28 Cal.3d 366, 373-374 [168 Cal.Rptr. 662, 618 P.2d 208]; *In re Marriage of Marsden* (1982) 130 Cal.App.3d 426, 437-440 [181 Cal.Rptr. 910], the community acquired a pro tanto interest the value of which was equal to the reduction in the balance of the two loans, or $1,500. The trial court awarded the house to wife, ordering her to pay husband $750 to compensate for his share of the community interest. Judgment was entered accordingly, from which husband has taken this appeal.

### DISCUSSION

■ Civil Code sections 4800.1 and 4800.2 did not become effective until January 1, 1984, but the Legislature expressly provided for their retroactive application to any action in which an appeal was pending.[1] (*In re Marriage of Anderson* (1984) 154 Cal.App.3d 572, 577 [201 Cal.Rptr. 498]; *In re Marriage of Neal* (1984) 153 Cal.App.3d 117, 121, fn. 1 [200 Cal.Rptr. 341].) The retroactive application of these statutes does not violate due process. (*In re Marriage of Martinez* (1984) 156 Cal.App.3d 20, 30 [202 Cal.Rptr. 646].)[2] Accordingly, they apply to this case.

Section 4800.1 provides, in brief, that a joint tenancy deed to a husband and wife during marriage raises a presumption of community property which may be overcome only by a contrary recital in the deed or by a

---

[1] Unless otherwise indicated, all section references in this opinion are to the Civil Code.

[2] Retroactive application was found to be unconstitutional under the specific facts presented in the recently filed opinion in *In re Marriage of Milse** (Cal.App.). Because *Milse* is not yet final, and because husband has not challenged retroactive application of sections 4800.1 and 4800.2 on constitutional grounds, and because we find the disposition to be correct whether or not these sections are retroactively applied, we need not decide the constitutional question. For purposes of this opinion, we will assume, without deciding, that the law is as stated in *In re Marriage of Martinez, supra,* 156 Cal.App.3d 20.

*Reporter's Note: Hearing granted, November 21, 1984 (L.A. 32004).

written agreement.[3] Section 4800.2 provides, in brief, that a spouse who contributes his or her separate property to the acquisition of community property is entitled to reimbursement unless the right has been waived in writing.[4]

■ Section 4800.1 is not limited to acquisitions of property by the spouses from third parties during the marriage; it also applies where one spouse deeds separate property to both spouses in joint tenancy during the marriage. (*In re Marriage of Anderson, supra,* 154 Cal.App.3d 572, 577-579; *In re Marriage of Neal, supra,* 153 Cal.App.3d 117, 123-124.)

■ Application of section 4800.1 to the facts of this case means the joint tenancy deed raised a presumption of community property which could be overcome only by a writing. There was no writing to overcome the presumption and therefore the property was converted to community property by the deed.

■ Where one spouse deeds separate property to the community, the spouse is entitled to reimbursement under section 4800.2 in the absence of a written waiver. ■ The measure of the reimbursement is "the value of the separate property *equity* in the property at the time of conversion, that is, the fair market value of the property less outstanding encumbrances and less any community property contributions prior to its conversion which are found not to be a gift to the separate property." (*In re Marriage of Neal, supra,* 153 Cal.App.3d 117, 124, fn. 11; original italics. See also, *In re Marriage of Anderson, supra,* 154 Cal.App.3d 572, 581.)

Husband disputes this interpretation. He says wife should be reimbursed only for the amount she paid into the property by downpayment and pay-

---

[3]In full, section 4800.1 provides: "For the purpose of division of property upon dissolution of marriage or legal separation, property acquired by the parties during marriage in joint tenancy form is presumed to be community property. The presumption is a presumption affecting the burden of proof and may be rebutted by either of the following:

"(a) A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property.

"(b) Proof that the parties have made a written agreement that the property is separate property and not community property."

[4]Section 4800.2 provides: "In the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. The amount reimbursed shall be without interest or adjustment for change in monetary values and shall not exceed the net value of the property at the time of the division. As used in this section, 'contributions to the acquisition of the property' include downpayments, payments for improvements, and payments that reduce the principal of a loan used to finance the purchase or improvement of the property but do not include payments of interest on the loan or payments made for maintenance, insurance, or taxation of the property."

ments against principal on the loans, without regard to the property's fair market value at the time of the joint tenancy deed. Husband's argument is based on a misreading of section 4800.2. The definition of "contributions to the acquisition of the property" contained therein refers to the acquisition of the property *by the community* and not an earlier acquisition as separate property by one of the spouses. Both *Anderson* and *Neal* hold that a spouse who converts separate property to community property by a joint tenancy deed is entitled to reimbursement based on equity in relation to fair market value at the time of conversion. These holdings, in turn, are based on very clear evidence of legislative intent. A report by the California Law Revision Commission was incorporated into the Senate Journal for the express purpose of providing evidence of legislative intent. According to the report, section 4800.1 "'also governs property initially acquired before marriage, the title to which is taken in joint tenancy form by the spouses during marriage. The measure of the separate property contribution under Section 4800.2, in such a case, is the value of the property at the time of its conversion to joint tenancy form.'" (*In re Marriage of Neal, supra,* 153 Cal.App.3d 117, 124.)

■ The trial court's reasoning was correct regarding the rights of the parties in the property from the time of marriage to the execution and recording of the joint tenancy deed. During that time, the community acquired what is commonly called a pro tanto interest in the property because community funds were used to make payments on the first and second trust deed loans. Under the *Moore/Marsden* formula, the community's pro tanto interest was "the amount of capital appreciation attributable to community funds . . . added to the amount of equity paid by community funds . . . ." (*In re Marriage of Moore, supra,* 28 Cal.3d 366, 374.) Because the property did not appreciate in value from the time of marriage to the time of trial, the community's share of the appreciation was zero. The community's pro tanto interest was therefore limited to the amount of equity paid by community funds or, in other words, the amount by which the principal on the loans was reduced. The trial court correctly disposed of the community's pro tanto interest by ordering wife to pay husband one-half of the reduction in principal during that period of time.

■ The trial court reasoned incorrectly in characterizing the property as wife's separate property even after the execution and recording of the joint tenancy deed. Under section 4800.1, the property was community and not separate. ■ However, it is judicial action and not judicial reasoning which is the subject of appellate review. (*Stilson* v. *Moulton-Nigel Water Dist.* (1971) 21 Cal.App.3d 928, 933-934 [98 Cal.Rptr. 914].) A ruling or decision which is itself correct in law will not be disturbed on appeal merely because given for a wrong reason. (*D'Amico* v. *Board of Medical Examiners*

(1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].) ▊ Here the disposition ordered by the court is correct even under sections 4800.1 and 4800.2.

The trial court's decision to award the property to wife has not been challenged by husband so we need not discuss that aspect of the disposition.

Because the house awarded to wife was community property, she was required to reimburse the community for the value of the community's interest. At the same time, wife was entitled to claim reimbursement for her equity in the property at the time of its conversion from separate to community property. In the absence of any change in the property's fair market value, the reduction in loan principal represents the entire difference between the reimbursement which wife owed to the community and the reimbursement which the community owed to wife.

The reduction in principal (or increase in equity) from the date of the joint tenancy deed to the date of separation was caused by loan payments from community funds. As to this amount, wife must reimburse the community by paying one-half of the amount to husband. This is exactly what the court ordered.

This leaves only the reduction in principal after separation and up to the date of trial. During this period, all payments were made by wife from her separate property. ▊ Wife cannot claim reimbursement for the cost of interest, taxes, maintenance and insurance during this period because she enjoyed the use of the property. However, she is entitled to reimbursement for her payments against principal which increased the community's equity. The reimbursement would seem to fall within the express terms of section 4800.2. It is also completely consistent with the reasoning of *Moore*. Although *Moore* was concerned with community contributions to separate property, we see no reason to apply different rules where, after separation, separate funds are used to increase the equity of a community asset. In any event, under the facts of this case, where the property did not appreciate or depreciate, wife need not compensate husband for the reduction in principal after separation.

▊ In summary, although the trial court did not apply sections 4800.1 and 4800.2 and did not follow a proper course of reasoning, we find no error in the judgment awarding the family residence to wife and ordering her to pay husband $750, an amount found to equal the reduction in prin-

cipal (and increase in equity) from the date of marriage to the date of separation.

The portions of the judgment appealed from are affirmed.