[Civ. No. 68540. Second Dist., Div. Five. June 10, 1986.]

In re the Marriage of JUDITH C. and ERIC NEAL MILSE.
JUDITH C. MILSE, Appellant, v.
ERIC NEAL MILSE, Appellant.

**COUNSEL**

Singer & Singer and Leona R. Singer for Appellant Wife.

A. William Bartz, Jr., William A. Pachal and Arline A. Grotz for Appellant Husband.

**OPINION**

ASHBY, J.—This is an appeal of a judgment dividing property in a marriage dissolution.[1] The principal issue is sufficiency of the evidence to justify the trial court's ruling that the home of the parties, held of record in joint tenancy, is actually separate property of the wife. The finding was based on the wife's assertion of an oral understanding to that effect with her husband before their voyage on the sea of matrimony hit the rocks. Also at issue is the effect of the subsequent enactment of Civil Code section 4800.1, which by its terms applies to all dissolution proceedings in which the division of property is not yet final as of January 1, 1984. That situation is present here by virtue of the husband's appeal.

---

[1] This matter was remanded with directions to refile an opinion with appropriate references to *In re Marriage of Buol* (1985) 39 Cal.3d 751 [218 Cal.Rptr. 31, 705 P.2d 354], which was decided subsequent to our opinion but before it became final. We have complied with the mandate of the Supreme Court and reissue our opinion adding citations to *In re Marriage of Buol*. Our original opinion was authored by Jones, J., assigned by the Chairperson of the Judicial Council.

The undisputed evidence in the case establishes that the wife owned a home before her marriage to Mr. Milse. She sold that home and at the same time opened an escrow for purchase of another home. Originally, the escrow instructions called for delivery of title to the new residence in the name of Judith Alderson (wife's name before marriage) as an unmarried woman. Later, however, there was an amendment providing for the deed to be in the names of Eric Milse and Judith C. Milse, husband and wife, as joint tenants. This change was ordered about the time the parties were married. A deed was issued and recorded accordingly at close of escrow when the parties were, in fact, husband and wife. A total of $18,890 was applied to the down payment on the new house. These funds originated from the sale of wife's previous home and were admittedly her separate property. The monthly installments payable on the balance of the purchase price for the marital residence were paid with community property earnings of the parties while they were living together. Husband also contributed $4,143 from his separate property funds to the cost of capital improvements for the home. None of the foregoing facts are disputed.

At the time the trial court rendered judgment in this case (in 1981) it was long-established law that the parties to a marriage could change the character of their marital property by expressions of mutual consent, either written or oral, regardless of the title form shown in the deed of conveyance. (See *Tomaier* v. *Tomaier* (1944) 23 Cal.2d 754, 757-758 [146 P.2d 905], and cases cited therein.) Thus, the courts permitted proof of an oral understanding that property held of record in joint tenancy was actually the separate property of one spouse. (See *In re Marriage of Mahone* (1981) 123 Cal.App.3d 17, 23 [176 Cal.Rptr. 274].) In fact, this was the basis for the trial court's decision in the present case. During trial wife testified to several conversations with her husband and his understanding to the effect that the house was really hers; that in the event of her death the husband could continue to live there if he obtained custody of wife's children from a previous marriage; if not, he was to sell the house and put the proceeds into a trust account for the children. The husband denied any such understanding in his testimony, but the trial judge in rendering his tentative decision said he had no doubt that the conversation took place. He then found that the house was the wife's separate property, subject to the husband's right to reimbursement for his separate fund contributions and his share of community fund payments on the mortgage installments. The wife's testimony, as accepted by the judge, constituted substantial evidence of an oral agreement between the parties that the home was in fact the wife's separate property. Such an agreement effectively overcomes the statutory presumption (upon dissolution) that a joint tenancy residence acquired during marriage is community property. (See *In re Marriage of Lucas* (1980) 27 Cal.3d 808, 813-815 [166 Cal.Rptr. 853, 614 P.2d 285].)

In 1983 while this appeal was pending, the Legislature enacted section 4800.1 of the Civil Code. In effect, that section extends the statute of frauds to spouses as to property acquired during marriage and held in joint tenancy form. It continues the statutory presumption that such property is community, but allows rebuttal of that presumption only by a clear statement to the contrary in the written evidence of title or by a separate written agreement. The new legislation also provides that it applies to all proceedings in which the division of property has not become final by January 1, 1984. (Stats. 1983, ch. 342, § 4.) ▆▆ Husband therefore contends that the new section controls the present case, since the filing of his appeal has suspended finality of the division ordered by the court. We disagree with this contention, holding that the retroactive application of section 4800.1 to the circumstances of the case before us would be an unconstitutional deprivation of a vested property right without due process of law, under *In re Marriage of Buol* (1985) 39 Cal.3d 751 [218 Cal.Rptr. 31, 705 P.2d 354].

The separate property status of the Milse residence, as found by the trial court, was based on an oral understanding between the parties during marriage. Wife's rights in the property became vested at the time of that agreement. No written evidence of the agreement was required at that time, nor at any subsequent time up to and including the date of the trial court's judgment. The injustice of changing the "rules of the game" after the opportunity to meet those requirements has passed is too obvious to require discussion.

On its face, section 4800.1 purports to enact a change in the law of evidence establishing a rebuttable presumption as to the status of joint tenancy property acquired during marriage. "There is no vested right in existing *remedies* and rules of *procedure and evidence*. Hence, generally speaking, the Legislature may change such rules and make the changes apply retroactively to causes of action or rights which accrued prior to the change." (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 285, pp. 3574-3575.) When applied to the facts of the present case, however, the code section makes the presumption conclusive, and would effectively overrule even the most clearly expressed oral agreement of husband and wife, made at a time when such agreements were accorded full recognition. Wife had no warning that the understanding with her husband, as found by the trial court, would subsequently be held worthless by virtue of legislation enacted after her trial had been completed. ▆▆ Even validly enacted legislation pertaining to procedural matters will not be applied retroactively when the effect is to cut off the legal remedy immediately. (See *Coleman* v. *Superior Court* (1933) 135 Cal.App. 74, 76 [26 P.2d 673].) ▆▆ Yet that would be the result in the case before us. Such attempted abrogation of previously vested property rights is the clearest sort of due

process denial. We accordingly hold that the retroactive application of section 4800.1 under the circumstances of this case would be unconstitutional; therefore, the section does not apply. (*In re Marriage of Buol, supra,* 39 Cal.3d at p. 757.)

We are aware that our ruling conflicts with *In re Marriage of Martinez* (1984) 156 Cal.App.3d 20 [202 Cal.Rptr. 646], a decision of the First Appellate District. There, in a similar fact situation the court considered the due process issue and declared: "We find in section 4800.1 no interference with vested rights; rather, it merely alters the evidentiary burden of proof where a husband and wife take property by a joint tenancy deed." (*Id.,* p. 30.) For the reasons we have stated, however, we do not agree with that holding when applied to the facts of the case before us.[2]

■    Husband claims error in the trial court's refusal to allow reopening of trial on the issue of the residential property status after the matter had been submitted. We have reviewed the offer of proof stated at the time the motion to reopen was made. The evidence sought to be presented would not have changed the trial court's opinion, even if believed by the court. It was of doubtful significance in any event. There was no abuse of discretion.

■    Husband appeals the court's finding that an antique telescope and an antique brass lantern (total value $175) are community property, awarded to the wife. He claims that the evidence is undisputed that these objects were gifts to him from the wife's parents and are therefore his separate property as a matter of law. (Civ. Code, § 5108.) Although the husband testified that the items were gifts to him, the wife testified that they were "really a family gift, but they were handed to him." This created a conflict in the testimony which the judge decided in the wife's favor. There was no error.

■    Wife filed a cross-appeal, contending that the court should have awarded her attorney's fees. The husband argues that attorney's fees could not be awarded because the wife failed to request them, either in her dissolution petition or by an amendment. However, fees were requested in the trial brief filed with the court, just as in the case of *In re Marriage of Denney* (1981) 115 Cal.App.3d 543 [171 Cal.Rptr. 440]. In *Denney* this procedure was held to be an informal amendment; we so construe the trial brief in this case.

---

[2]Other appellate decisions which appear to present the same due process question have retroactively applied the provisions of section 4800.1 without addressing the issue. (See *In re Marriage of Neal* (1984) 153 Cal.App.3d 117 [200 Cal.Rptr. 341]; *In re Marriage of Anderson* (1984) 154 Cal.App.3d 572 [201 Cal.Rptr. 498], both are First Appellate District cases.) These cases and *In re Marriage of Martinez, supra,* were disapproved by the Supreme Court in *In re Marriage of Buol, supra,* 39 Cal.3d at page 763, footnote 10.

The trial court denied fees after ordering the property division, indicating that the relative incomes and property of the parties made it appropriate for each party to be responsible for payment of that person's own attorney fees.

■ It is, of course, well established that an award of attorney's fees in a dissolution proceeding is a matter for the trial court's discretion and its determination will not be disturbed in absence of demonstrated abuse. *(In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 899 [101 Cal.Rptr. 295].) In the present case both parties had relatively equal income potential. The legal services rendered were extensive, but presumably this resulted in approximately equal obligations of the parties to their respective counsel. There was no abuse of discretion in the court's refusal to make an award to the wife.

Both parties on appeal seek attorney's fees on the ground that the respective appeals are frivolous. Our review of the record and the issues involved, however, satisfies us that there is no merit in this claim as to either of the parties.

The judgment is affirmed. Costs on appeal are awarded to the wife.

Feinerman, P. J., and Hastings, J., concurred.