[No. F008074. Fifth Dist. Dec. 18, 1987.]

In re the Marriage of GLORIA ANN and EDWARD A. WITT.
GLORIA ANN WITT, Respondent, v.
EDWARD A. WITT, Appellant.

COUNSEL

Gayle R. Posner and Richard I. Targow for Appellant.

Griswold, Bissig, LaSalle, Cobb & Dowd and Steven W. Cobb for Respondent.

OPINION

THE COURT.*—This appeal from a judgment of dissolution of marriage concerns the interpretation and application of Civil Code section 4800.2. We hold that when a spouse has given separate property to the marital community, section 4800.2 preserves to the contributing spouse the equity value of his or her separate property contribution unless that retained interest is waived in writing, even in the absence of evidence the spouse intended to retain the right to such reimbursement. We affirm the judgment.

FACTS

All of the relevant facts in the present case were established by an undated written stipulation submitted to the trial court on August 5, 1986, in lieu of a trial on the merits. The Witts, whom we will refer to in this opinion by their first names, Gloria and Edward, were married on April 2, 1983. They separated on February 24, 1986. On November 1, 1984, Gloria conveyed to Edward and herself as husband and wife an operating dairy farm valued at $807,544.35. This farm was her separate property. She intended to give it to the marital community. She did not sign a waiver of her right to recover the value of the equity she was contributing to the community.

At the time of the judgment, the farm was worth only a little over $300,000. Edward claimed the right to distribution of half of the value of the farm, since it was community property. Gloria asserted her right to recover her contribution under Civil Code section 4800.2, which would give her the entire farm since the present value was much less than her contributed equity. The trial court held that, in the absence of the written waiver required by Civil Code section 4800.2, Gloria was entitled to recover the farm despite her acknowledged 1984 intent to convey the farm to the community. Judgment was entered on October 31, 1986, and Edward appealed.

---

*Before Woolpert, Acting P. J., Best, J., and Pettitt, J.†

†Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

## DISCUSSION

■ Although Edward contends that this appeal presents a case of first impression, the issue before us has been squarely decided by California courts. In *In re Marriage of Fabian* (1986) 41 Cal.3d 440 [224 Cal.Rptr. 333, 715 P.2d 253] the Supreme Court construed Civil Code section 4800.2. The court held that the separate property interest of a contributing spouse "is now *preserved* [by Civil Code section 4800.2] unless the right to reimbursement is waived in writing." (*Id.* at p. 450 (italics in original).)

The trial court in *Fabian* found that in 1972 appellant had given his separate property to the marriage community to buy a motel. The Supreme Court held that this finding was supported by the evidence. The trial court and the Court of Appeal held that under the law as it existed before adoption of Civil Code section 4800.2 the appellant's gift resulted in a transfer of the separate property to the community; accordingly he was not entitled to recover any portion of the value of the motel as reimbursement for his separate property contribution.

The issue before the Supreme Court was whether Civil Code section 4800.2, which became effective on January 1, 1984, changed this result. The court held that under Civil Code section 4800.2 "separate property contributions to community property assets are to be reimbursed upon dissolution, unless the contributing spouse has waived the right to reimbursement in writing." (*Id.* at p. 444.) The court then held that application of Civil Code section 4800.2 to a gift made before enactment of that section would deprive the donee spouse of property without due process of law. The unrestricted gift of separate property had been a valid transfer under previous law; however, under section 4800.2 a gift with exactly the same formalities would leave the contributing spouse a right to be reimbursed upon dissolution of the marriage for the value of the property so contributed, unless that spouse executed an additional waiver of that right. But this change in the formal requirements for a complete transfer of all of a contributing spouse's property interest could not retroactively divest the donee spouse of his or her property interest validly transferred under previous law. Thus, the court held, section 4800.2 only affected those gifts of separate property that occurred after the date of enactment of the statute. (See *id.* at pp. 450-451.)

Edward seeks to avoid the clear import of *Fabian* by characterizing the court's discussion of Civil Code section 4800.2 as mere dictum. ■ Edward's approach ignores that even dicta of the Supreme Court should not be disregarded by an intermediate court without a compelling reason. (Cf. 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 785, p. 756.) Edward has

presented no compelling arguments that demonstrate that the Supreme Court erred in its interpretation of Civil Code section 4800.2.

More fundamentally, Edward's approach erroneously characterizes the Supreme Court's language as dictum in the first instance. The binding rules of law established by our Supreme Court include those statements of common law rules and constructions of statutes that are necessary to the decision that the court actually reaches in particular cases. (See 9 Witkin, Cal. Procedure (3d ed. 1985), Appeal, § 783, p. 753 [collecting cases].) Dicta on the other hand, are judicial "arguments and general observations, unnecessary to the decision." (*Ibid*.) ■ The *Fabian* court necessarily determined that section 4800.2 presently creates a substantive right of reimbursement as part of its determination that the right was only created for gifts to the marital community after January 1, 1984. As such the construction of Civil Code section 4800.2 is binding upon us. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

Edward next contends that applying Civil Code section 4800.2 "now" deprives him of a property interest that had become vested when the farm originally was given to the community. He apparently argues that section 4800.2 only becomes applicable when a trial court divides property, not when the property initially is transferred to the marital community. This would make nonsense of section 4800.2—the statute would not require the written waiver for full relinquishment of reimbursement rights because it is not applicable then; and therefore it could not require reimbursement at dissolution without violating the due process clause. Such an interpretation of the statute is most charitably characterized as unpersuasive.

Edward also tries to characterize Civil Code section 4800.2 as creating only a presumption about the conveyance of a separate property interest to the community. He says that the absence of a written waiver only establishes a presumption that there was no gift of the property to the marital community in the first place, and that this presumption has been overcome in the present case by Gloria's stipulation that she intended to make the gift.

■ To the contrary, however, Civil Code section 4800.2 does not merely create a presumption; it creates a new property right in the contributing spouse. The Supreme Court denominated this right the "right to reimbursement." (*In re Marriage of Fabian, supra,* 41 Cal.3d at 444.) Not only does Civil Code section 4800.2 create this right, but it also provides that the right cannot be conveyed ("waived") except in writing.

Edward has not cited any case in which the court held that Civil Code section 4800.2 could be avoided merely by proving, by some means other than a written waiver, that the contributing spouse had not intended to preserve his or her right of reimbursement. On the other hand, the courts in *In re Marriage of Benart* (1984) 160 Cal.App.3d 183 [206 Cal.Rptr. 495] and in *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548 [206 Cal.Rptr. 641] both construed section 4800.2 as requiring a written waiver to defeat the contributing spouse's right of reimbursement. Although both of these cases were disapproved in *In re Marriage of Fabian, supra,* 41 Cal.3d 440, this was only because the two cases applied section 4800.2 to transfers that had occurred before the effective date of the statute.

In *Fabian* itself there was a finding of fact that the husband had made a gift to the community of his separate property. If the mere intent to make such a gift satisfied the requirement of the statute, the Supreme Court would not have needed to reach the issue of retroactivity—the husband would have relinquished all of his rights even under the new statute. Instead, the court said that the proven gift was not sufficient to relinquish the right of reimbursement in the absence of a written waiver.

Finally, Edward contends that section 4800.2 only applies to property held in joint tenancy, because that is the only kind of property affected by its companion statute, section 4800.1. Again Edward is faced with language directly to the contrary in *In re Marriage of Fabian, supra,* 41 Cal.3d at page 451, footnote 11: "[Respondent's] contention that section 4800.2 applies only to joint tenancy property is undermined by the plain language of the statute and its legislative history. The statute specifically covers 'the division of community property under this part,' which refers to that portion of the Civil Code encompassing the Family Law Act which governs all forms of marital property."

In summary, we hold that Civil Code section 4800.2 creates a substantive right of reimbursement in the contributing spouse which can be relinquished only by an express written waiver. In the absence of such a written waiver the donative intent of the contributing spouse does not bar reimbursement for separate property contributed after January 1, 1984. Once the trial court in a dissolution proceeding determines that the contributing spouse did give the property to the community after January 1, 1984, and that the contributing spouse did not execute a section 4800.2 waiver, then the court is required to determine the equity value of the contributing spouse's property at the time of the gift and restore to him or her the value of that property (or the property itself where, as here, the present value is

less than the original equity value). That is precisely what the trial court did in the present case; Edward has not demonstrated any reversible error on this appeal.

The judgment is affirmed. Respondent is awarded costs of this appeal.