[No. B026774. Second Dist., Div. Two. Aug. 1, 1988.]

In re the Marriage of JERI M. and MICHAEL L. PERKAL.
JERI M. PERKAL, Appellant, v.
MICHAEL L. PERKAL, Respondent.

COUNSEL

Allan F. Grossman and Francis E. Jones, Jr., for Appellant.

Charlotte E. Costan for Respondent.

OPINION

ROTH, P. J.—Jeri M. Perkal (Wife) appeals from a portion of the judgment entered in the proceeding dissolving her marriage to Michael L. Perkal (Husband).

The facts pertinent to this appeal are as follows: In August 1979, Michael L. Perkal purchased a single family dwelling for $152,500 as his sole and separate property. At that juncture, he was single, having divorced his first wife. His two sons from that marriage lived with him.

In May 1983, he married Jeri M. Perkal, appellant herein. They lived in the home he had purchased in 1979.

In January 1984, Husband became embroiled in litigation with his first wife about custody and child support of their two sons. Concerned that a court might seek to use Husband's equity in his home to satisfy its orders, Wife persuaded him to place the property in both of their names. Wife obtained a document entitled "Grant Deed Joint Tenancy." The first pre-printed line recited: "For A Valuable Consideration Receipt of Which is Hereby Acknowledged." At Husband's direction, Wife struck out all but the first two words of that line ("For A") and added the word "Gift" so that as executed the document read: "*For A Gift*, Michael L. Perkal does hereby GRANT to Michael L. Perkal and Jeri M. Perkal, husband and wife As JOINT TENANTS, the real property" (italics added) thereafter described. This document was executed and recorded on January 25, 1984, at which time the realty was worth $199,500. Husband testified the reason for having the deed read "For A Gift" was to negate the payment of documentary transfer taxes and the possibility of having the home's value reassessed for property tax purposes. Husband did not consult an attorney before consummating this transaction. Although Husband had obtained a real estate broker's license in 1977, he had not taken any "refresher" courses since that time.

In June 1985, the parties separated after approximately two years of marriage.

The issues on appeal involve the parties' respective rights and obligations in regard to that home. We begin with a review of the relevant statutes.

In January 1984, Civil Code section 4800.1 took effect which established the rule that upon dissolution of a marriage, property acquired by the parties during marriage in joint form, including joint tenancy, is presumed to be community property. Section 4800.1 had been enacted based on legislative concern that married couples often used community property funds to acquire assets in joint tenancy without a real appreciation of either the legal effect of doing so or the distinctions between community property and joint tenancy. As a trial court in a dissolution proceeding lacked jurisdiction, with one exception, to divide property held in joint tenancy, a court would be unable to make a fair or sensible disposition of all of the assets of the parties. ■ Thus, section 4800.1 was passed " . . . to promote the state's interest in equitable distribution of marital property upon dissolution." (*In re Marriage of Buol* (1985) 39 Cal.3d 751, 761-762 [218 Cal.Rptr. 31, 705 P.2d 354].) ■ The only manner in which a party can rebut the presumption that a particular asset held in joint tenancy is community property is through *written* evidence.[1]

As Civil Code section 4800.1 became effective prior to Husband's January 1984 transfer in joint tenancy to himself and Wife of the home, its net effect is that the home is presumed to be community property. As there is absolutely no writing to rebut that presumption, Husband does not contest the trial court's conclusion that the house is community property and thus subject to division.

■ What is at issue is the extent to which Husband is entitled to reimbursement for having contributed, during marriage, separate property to the community in the form of the transfer of his house to the parties in joint tenancy. Civil Code section 4800.2, which was enacted with section 4800.1, governs resolution of that question. It provides that upon dissolution of a marriage, a party's contribution of separate property to the community is to be reimbursed *unless* the contributing party (1) "has made a written waiver of the right to reimbursement" or (2) "signed a writing that has the effect of a waiver." The effect of the statute is to overturn a long line of cases which had held that absent an agreement to the contrary, separate property contributions to the community were deemed to be gifts to the community. (See, e.g., *See* v. *See* (1966) 64 Cal.2d 778, 783 [51 Cal.Rptr.

---

[1] Section 4800.1 sets forth two ways in which the presumption of community property can be rebutted: (1) "A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property" or (2) "Proof that the parties have made a written agreement that the property is separate property."

888, 415 P.2d 776]; *In re Marriage of Epstein* (1979) 24 Cal.3d 76, 82-83 [154 Cal.Rptr. 413, 592 P.2d 1165]; *In re the Marriage of Lucas* (1980) 27 Cal.3d 808, 816 [166 Cal.Rptr. 853, 614 P.2d 285].) Apparently, the Legislature concluded it was fairer to the contributing spouse to permit reimbursement for separate property contributions upon dissolution of the marriage. (*In re Marriage of Fabian* (1986) 41 Cal.3d 440, 449 [224 Cal.Rptr. 333, 715 P.2d 253].) Thus, under section 4800.2, "the tables are turned so that the separate property interest is now *preserved* unless the right to reimbursement is waived in writing." (*Id.,* at p. 450, italics in original.)

■ The legislative history to Civil Code section 4800.2 makes clear the section applies to situations, such as that at bench, when a spouse conveys to the married couple title in joint tenancy to property acquired by the spouse prior to the marriage. In that case, the measure of the separate property contribution subject to reimbursement is the equity value in the property at the time of its conversion to joint tenancy form. (*In re Marriage of Fabian, supra,* 41 Cal.3d at pp. 450-451; *In re Marriage of Witt* (1987) 197 Cal.App.3d 103, 106-107 [242 Cal.Rptr. 646]; *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548, 562-563 [206 Cal.Rptr. 641]; *In re Marriage of Anderson* (1984) 154 Cal.App.3d 572, 578, and 580-581 [201 Cal.Rptr. 498]; and *In re Marriage of Neal* (1984) 153 Cal.App.3d 117, 124, and fn. 11 [200 Cal.Rptr. 341].)[2]

■ Hence, Husband has a "property right" to seek reimbursement from Wife for that value (*In re Marriage of Witt, supra,* 197 Cal.App.3d at p. 107) *unless* he has "signed a writing which has the effect of a waiver" (Civ. Code, § 4800.2) of that right.[3] This then leads us to the parties' dispute: Did Husband's insertion on the signed grant deed of the words "For A Gift" constitute such a writing? The trial court answered that question in the negative and ordered Wife to reimburse Husband.[4] It is solely that ruling which Wife attacks on this appeal. We find no error.

Wife concedes Husband's mere transfer by deed of title to the home to Husband and Wife cannot and does not equate with a sufficient written

---

[2] In *In re Marriage of Fabian, supra,* 41 Cal.3d 440, 451, fn. 13, the California Supreme Court overruled only the portion of the holdings in the last three cases which had concluded section 4800.2 could be applied retroactively; hence, the analyses in those cases of other aspects of section 4800.2 remain correct statements of the law.

[3] Both parties recognize Husband never executed an explicit "written waiver of the right to reimbursement" (Civ. Code, § 4800.2).

[4] The court set reimbursement at the amount of $80,000, that being the difference between the value of the home at the time of the January 1984 transfer ($199,500) and the then unpaid balance on the mortgage ($119,264). Of course, the pragmatic effect of this ruling was not that Wife actually had to transfer $80,000 to Husband; its real impact was that were the community property house to be sold, Husband would first receive reimbursement for his $80,000 contribution of separate property *before* the proceeds of the sale would be divided equally between the two.

waiver of the reimbursement right and that instead there must be some written proof of Husband's intent to relinquish his right to seek reimbursement. (*In re Marriage of Kahan* (1985) 174 Cal.App.3d 63, 72 [219 Cal.Rptr. 700].)

Wife contends the phrase "For A Gift" on the deed is such a writing as it was inserted at Husband's direction at the time the deed was executed. As no published case has yet decided what is a writing sufficient to have "the effect of a waiver" (Civ. Code, § 4800.2) of the right of reimbursement, we first review the general principles of what conduct constitutes a waiver of a legal right.

■ "Waiver requires a voluntary act, knowingly done, with sufficient awareness of the relevant circumstances and likely consequences. [Citation.] There must be actual or constructive knowledge of the existence of the right to which the person is entitled. [Citation.]" (*In re Marriage of Moore* (1980) 113 Cal.App.3d 22, 27 [169 Cal.Rptr. 619].) There must be " . . . an actual intention to relinquish it or conduct so inconsistent with the intent to enforce that right in question as to induce a reasonable belief that it has been relinquished." (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 41 [124 Cal.Rptr. 852].)

■ Viewing the record in light of these principles, we cannot find a waiver. Husband testified the reason for his insertion of the phrase "For A Gift" was to attempt to negate the payment of a documentary transfer tax and to obviate the possibility of reassessment and a concomitant rise in property taxes. While not laudable motives, these reasons are credible. Wife presented no testimony to the contrary on the meaning of the phrase "For A Gift." To accept Wife's argument would mean that Husband, who had not consulted an attorney in regard to the transaction, intended to give up a statutory right created by a statute which had taken effect less than a month prior. Husband's status as a licensed real estate broker adds nothing of significance as concededly he had taken no "refresher" class since 1977 and thus had no reason to know of newly enacted Civil Code sections 4800.1 and 4800.2. In sum, Wife's claim of waiver based upon these facts is simply too strained an argument to accept.

Futhermore, contrary to Wife's claim, nothing in the legislative committee comment to Civil Code section 4800.2 compels a contrary result. She relies heavily upon the underscored phrase of the comment which we now quote in full: "Section 4800.2 overrules the case of *In re Marriage of Lucas,* 27 Cal.3d 808 (1980) (and cases following it), which precluded recognition of the separate property contribution of one of the parties to the acquisition of community property, unless the party could show an agreement between

the spouses to the effect that the contribution was not intended to be a gift. *Under Section 4800.2, a party making a separate property contribution to the acquisition of the property is not presumed to have made a gift, unless it is shown that the parties agreed it was a gift,* but is entitled to reimbursement for the separate property contribution at dissolution of marriage. The separate property contribution is measured by the value of the contribution at the time the contribution is made. Under this rule, if the property has since appreciated in value, the community is entitled to the appreciation. If the property has since depreciated in value, reimbursement may not exceed the value of the property; if both parties are entitled to reimbursement and the property has insufficient value to permit full reimbursement of both, reimbursement should be on a proportionate basis." (17 Cal. Law Revision Com. Rep. (1982) p. 864—3 Sen. J. (1983-1984 Reg. Sess.) p. 4866, italics added.) Read in context, it is clear the underlined phrase merely refers to the requirement for a writing evidencing a waiver of the right to reimbursement. If such a writing exists, then that is a showing that "the parties agreed [the separate property contribution] was a gift." Absent such proof, the right to reimbursement exists.

The portion of the judgment appealed from is affirmed.

Compton, J., and Fukuto, J., concurred.