[No. A039702. First Dist., Div. One. May 17, 1989.]

CALIFORNIA COASTAL COMMISSION, Plaintiff and Respondent,
v.
OFFICE OF ADMINISTRATIVE LAW et al., Defendants and
Appellants.

COUNSEL

John D. Smith, Herbert F. Bolz, Lillian R. Waters and Joseph Garcia1for Defendants and Appellants.

Ronald A. Zumbrun and Peter L. Rivett as Amici Curiae on behalf of Defendants and Appellants.

John K. Van de Kamp, Attorney General, N. Gregory Taylor, Assistant Attorney General, and Dennis M. Eagan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**STEIN, J.**—This appeal concerns several interpretive guidelines adopted by the California Coastal Commission (the Commission) after January 30, 1977. The subject of the guidelines is not at issue on appeal; rather, the sole question presented is whether the guidelines are subject to review by the Office of Administrative Law (OAL).

### FACTUAL/PROCEDURAL BACKGROUND

Pacific Legal Foundation, a nonprofit corporation representing various California citizens and coastal landowners, filed a "request for regulatory determination" with OAL, seeking a ruling that the Commission's interpretive guidelines are regulations within the meaning of the Administrative Procedure Act (APA) (Gov. Code, § 11340 et seq.), and thereby subject to OAL review. OAL found that the guidelines were governed by the APA and determined that until adopted pursuant to the APA, including OAL review, the guidelines were "invalid and unenforceable."

The Commission thereafter instituted an action in the superior court seeking a declaration that OAL's determination was erroneous and that the Commission's interpretive guidelines are not subject to the APA. The superior court granted summary judgment in favor of the Coastal Commission, declaring that the Commission's interpretive guidelines and policy statements are exempt from the regulation-promulgation requirements of the APA, and that the Commission is entitled to continue to use the guidelines and policy statements without first adopting them as regulations under the APA. The court further declared OAL's regulatory determination to be erroneous and invalid, and directed OAL to set it aside. Finally, the court ordered OAL to notify interested parties that the regulatory determination had been invalidated.

We affirm the judgment.

## Discussion

Both parties agree that the guidelines at issue are permanent rather than interim. (See Pub. Resources Code, § 30620.) In addition, both agree that unless this court rejects the argument that the guidelines are exempt, there is no reason to reach the question of whether the guidelines at issue, as being neither mandatory nor binding, are "regulations" within the meaning of the APA. (See, generally, *Armistead* v. *State Personnel Board* (1978) 22 Cal.3d 198, 201-203 [149 Cal.Rptr. 1, 583 P.2d 744].) ■ We therefore address the question of exemption.

Public Resources Code section 30333 provides, as relevant: "Except as provided in Section 18930 of the Health and Safety Code, the commission may adopt or amend, by vote of a majority of the appointed membership thereof, rules and regulations to carry out the purposes and provisions of this division, and to govern procedures of the commission.

"*Except as provided in* Section 18930 of the Health and Safety Code and *paragraph (3) of subdivision (a) of Section 30620,* these rules and regulations shall be adopted in accordance with the provisions of Chapter 4.5 (commencing with Section 11371 [now Section 11340]) of Part I of Division 3 of Title 2 of the Government Code [i.e., the APA]. These rules and regulations shall be consistent with this division and other applicable law." (Italics added.)

Public Resources Code section 30620 provides, as relevant: "(a) By January 30, 1977, the commission shall, consistent with the provisions of this chapter, prepare interim procedures for the submission, review, and appeal of coastal development permit applications and of claims of exemption. Such procedures shall include, but are not limited to, the following:

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(3) Interpretive guidelines designed to assist local governments, the regional commissions, the commission, and persons subject to the provisions of this chapter in determining how the policies of this division shall be applied in the coastal zone prior to certification of local coastal programs; provided however, that such guidelines shall not supersede, enlarge, or diminish the powers or authority of any regional commission, the commission, or any other public agency.

"(b) Not later than May 1, 1977, the commission shall, after public hearing, adopt permanent procedures that *include the components specified in subdivision (a)* and shall transmit a copy of such procedures to each local

government within the coastal zone and shall make them readily available to the public. The commission may thereafter, from time to time, and, except in cases of emergency, after public hearing, modify or adopt additional procedures or guidelines as it deems necessary to better carry out the provisions of this division." (Italics added.)

The statute is ambiguous. Although subdivision (a) refers to interim procedures and subdivision (b) refers to permanent procedures, the type of procedure at issue—interpretive guidelines relating to coastal development permit applications—is defined only by subdivision (a)(3). Accordingly, by referring to section 30620, subdivision (a)(3) procedures, Public Resources Code section 30333 could be referring either to the type of procedure or, as OAL argues, to the permanency of the procedure. Under OAL's interpretation, section 30333 exempts from the APA only guidelines adopted prior to January 30, 1977, which by definition are interim guidelines.

The superior court, ruling in favor of the Commission, found itself bound by the interpretation of the relevant sections of the Public Resources Code adopted by the Supreme Court in *Pacific Legal Foundation* v. *California Coastal Com.* (1982) 33 Cal.3d 158 [188 Cal.Rptr. 104, 655 P.2d 306]. We agree.

The Supreme Court in *Pacific Legal Foundation* considered interpretive guidelines adopted by the Commission in 1980,[1] which were thus permanent guidelines. In determining what procedures are available to parties seeking to attack the guidelines, the court held, as relevant here, "[Government Code section] 11350 has no application to the guidelines, however, because the Legislature specifically exempted the guidelines from the provisions of the California Administrative Procedure Act. (Gov. Code, § 11340 et seq.) The guidelines were authorized under Public Resources Code section 30620, subdivision (a)(3). However, the Legislature also enacted Public Resources Code section 30333, which provides that 'the commission may adopt rules and regulations to carry out the purposes and provisions of this division [the Coastal Act], and to govern procedures of the commission. [¶] *Except as provided in . . . paragraph (3) of subdivision (a) of Section 30620,* these rules and regulations shall be adopted in accordance with the provisions of [the Administrative Procedure Act].'" (*Pacific Legal Foundation* v. *California Coastal Com., supra,* 33 Cal.3d at p. 169, fn. 4, italics in original.) This ruling is as binding upon us as it was on the superior court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

---

[1] The published opinion does not refer to the date of adoption of the guidelines there at issue. We take judicial notice of that date, February 20, 1980.

■  OAL advances several arguments for concluding that this ruling is not binding precedent. First, it is argued that the language is only dictum and need not be followed since it did not dispose of the cause in *Pacific Legal Foundation*. The court ultimately found that the controversy in that case was not ripe; however, prior to reaching that issue the court specifically considered the form of relief available to a litigant seeking to challenge a Commission interpretive guideline, and found that declaratory relief was available under section 30803. The court then, in footnote 4, explained that an action for declaratory relief would have to be brought under Public Resources Code section 30803 rather than under the similar provisions set forth in the APA. This holding supports the conclusion that relief was not available under the APA.

While "[o]pinions are not authority for issues they do not consider. [Citation.]" (*Palmer* v. *Ted Stevens Honda, Inc.* (1987) 193 Cal.App.3d 530, 539 [238 Cal.Rptr. 363]), footnote 4 disposed of an issue considered by the court. A holding need not be wholly relevant to the ultimate decision of a case to be binding upon a lower court. (*Fogerty* v. *State of California* (1986) 187 Cal.App.3d 224, 234 [231 Cal.Rptr. 810].)  ■  Moreover, even dicta of the Supreme Court should not be disregarded by an intermediate court without a compelling reason. (*Mendoza* v. *Easton Gas Co.* (1988) 197 Cal.App.3d 781, 788 [243 Cal.Rptr. 136]; *In re Marriage of Witt* (1987) 197 Cal.App.3d 103, 106 [242 Cal.Rptr. 646]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 785, p. 756.)

■  OAL next argues that *Pacific Legal Foundation* was decided prior to the effective date of Government Code section 11347.5. That statute requires state agencies to file rules or guidelines with the Secretary of State where those rules or guidelines fall within the definition of regulations set forth in Government Code section 11342. It also empowers OAL to issue advisory opinions as to whether or not a particular action or rule is a regulation. Section 11347.5 does not require the Commission to seek OAL approval of its guidelines. The enactment of the section is therefore irrelevant to any issue before us.

OAL argues that in *Pacific Legal Foundation,* the Supreme Court did not have the opportunity to consider the issues raised here. The court had before it a guideline enacted in 1980 and the texts of Public Resources Code sections 30333 and 30620. We cannot presume that the Supreme Court somehow overlooked the definitions and dates set forth in the very statutes under consideration.

■  Finally, OAL argues that we should ignore footnote 4 because it is inconsistent with California law. We do not have the power to do so. (*Auto Equity Sales, Inc.* v. *Superior Court, supra,* 57 Cal.2d at p. 455.)

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 5, 1989. Lucas, C. J., Panelli, J., and Kaufman, J., were of the opinion that the petition should be granted.