[No. D053925. Fourth Dist., Div. One. Dec. 1, 2009.]

In re the Marriage of TATIA C. BUIE and WALTER NEIGHBORS.
TATIA C. BUIE, Appellant, v.
WALTER NEIGHBORS, Respondent.

COUNSEL

Dunne & Dunne, James P. Dunne and Anthony J. Dunne for Appellant.

No appearance for Respondent.

OPINION

**IRION, J.**—Tatia C. Buie appeals from the family court's judgment on reserved issues in this marital dissolution action. Buie challenges the family court's ruling that a Porsche automobile that she purchased during the marriage with her separate property funds and gave to her then husband, Walter Neighbors, was transmuted to Neighbors's separate property by virtue of the gift.

As we will explain, we conclude that the family court erred in classifying the Porsche as Neighbors's separate property. Accordingly, we reverse that portion of the judgment and remand for further proceedings consistent with our opinion.

I

FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns the classification of a 2001 Porsche 996 as Neighbors's separate property, and we accordingly limit our discussion of the factual background to that issue.

Buie and Neighbors were married in 1999. During the marriage, Neighbors purchased the Porsche using a check drawn on Buie's bank account, which held funds derived from Buie's sale of her separate property residence. The purchase price for the Porsche was approximately $60,000. Neighbors apparently considered the Porsche to be a gift from Buie, as it was bought shortly before his birthday.

After conducting a trial on reserved issues, the family court ruled that the Porsche was a gift from Buie to Neighbors. Although the transmutation of community property to separate property generally requires an express declaration in writing (Fam. Code, § 852, subd. (a)),[1] the court ruled that under the exception set forth in section 852, subdivision (c) for gifts of "tangible articles of a personal nature" that are "not substantial in value taking into

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

account the circumstances of the marriage," the Porsche had been transmuted to Neighbors's separate property.

Buie appeals, arguing that the family court erred in classifying the Porsche as Neighbors's separate property. She also contends that in the event we conclude that the family court erred in classifying the Porsche as Neighbors's separate property, she should be reimbursed under section 2640, subdivision (b) for the separate property funds used to purchase the Porsche on behalf of the community.[2]

II

DISCUSSION

A. *The Family Court Erred in Concluding That the Porsche Is Neighbors's Separate Property*

Section 760 provides: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Under this basic principle, the default classification of the Porsche is community property, as it was acquired during the marriage.

■ The issue before us is whether the Porsche was transmuted from community property to Neighbors's separate property. The Family Code provides that married persons may "[t]ransmute community property to separate property of either spouse." (§ 850, subd. (a).)

However, under section 852, subdivision (a), "[a] transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected." An exception to the writing requirement exists for certain types of interspousal gifts. Section 852, subdivision (c) states: "This section does not apply to a gift between the spouses of clothing, wearing apparel, jewelry, or other tangible articles of a personal nature that is used solely or principally by the spouse to whom the gift is made and that is not substantial in value taking into account the circumstances of the marriage." Accordingly, only if a gift from a spouse is a "tangible article[] of a personal nature" and is "not substantial in value," can it be transmuted to the recipient spouse's separate property without a qualifying writing. (*Ibid.*)

---

[2] Neighbors has not made an appearance in this appellate proceeding.

It is undisputed that Buie did not create a writing stating that she intended to transmute the Porsche to Neighbors's separate property. Therefore, the Porsche is community property unless it is a "tangible article[] of a personal nature" and is "not substantial in value taking into account the circumstances of the marriage." (§ 852, subd. (c).)

In ruling that the Porsche fell into the exception set forth in section 852, subdivision (c), the family court focused only on the issue of whether the Porsche was "not substantial in value taking into account the circumstances of the marriage." It did not expressly consider whether the Porsche was a "tangible article[] of a personal nature." (*Ibid.*) As explained below, the family court erred in applying the exception set forth in section 852, subdivision (c) because a Porsche is not a "tangible article[] of a personal nature." (*Ibid.*)

■ The statutory language at issue states that a qualifying gift must be "a gift between the spouses of clothing, wearing apparel, jewelry, or other tangible articles of a personal nature that is used solely or principally by the spouse to whom the gift is made." (§ 852, subd. (c).) A Porsche is obviously not "clothing, wearing apparel, [or] jewelry." (*Ibid.*) The question is thus whether a Porsche is otherwise a "tangible article[] of a personal nature." (*Ibid.*) The statutory language, standing on its own, is ambiguous on the issue of whether an automobile may be defined as a "tangible article[] of a personal nature." (*Ibid.*) Therefore, we may look to legislative history in interpreting the statute. (*Watts v. Crawford* (1995) 10 Cal.4th 743, 751 [42 Cal.Rptr.2d 81, 896 P.2d 807] ["When a statute is ambiguous . . . we typically consider evidence of the Legislature's intent beyond the words of the statute, and examine the history and background of the statutory provision in an attempt to ascertain the most reasonable interpretation of the measure."].)

The statutory text at issue, which currently appears in section 852, subdivision (c), was enacted in 1984 as Civil Code former section 5110.730, based on a recommendation of the California Law Revision Commission. (Stats. 1984, ch. 1733, § 3, p. 6302; Recommendation Relating to Marital Property Presumptions and Transmutations (Sept. 1983) 17 Cal. Law Revision Com. Rep. (1984) pp. 224–225 (Commission Report).) The comment in the Commission Report regarding proposed Civil Code section 5110.730 states that "transmutation by gift of *certain* personal property is recognized. This is consistent with the rule of Section 5110.640 (gift presumptions)." (Com. Rep., p. 225, italics added.) Proposed Civil Code section 5110.640, as set forth in the Commission Report, describes presumptions applying to property acquired by one spouse by gift from the other spouse. (Com. Rep., p. 222.) Mirroring much of the language in Civil Code former section 5110.730, proposed Civil Code section 5110.640, subdivision (b) in the Commission

Report states that "[c]lothing, wearing apparel, jewelry, and other tangible articles of a personal nature, used solely or principally by the person, are presumed to be the person's separate property except to the extent they are substantial in value taking into account the circumstances of the marriage." (Com. Rep., p. 222.) Important to our analysis, the Commission Report's comment to this section contains the following statement: "[I]nterspousal 'gifts' are presumed to be separate or community depending on the nature of the property given. Under section 5110.640, the gift of an automobile, for example, would not create a presumption that the property is separate, *since an automobile is not an article of a personal nature within the meaning of the section.*" (Com. Rep., p. 222, italics added.)

■ Based on this legislative history, we conclude that the gift of an automobile does not fall within the exception set forth in section 852, subdivision (c) because it is not a "tangible article[] of a personal nature." (*Ibid.*) Accordingly, the family court erred in relying on section 852, subdivision (c) to conclude that the Porsche was Neighbors's separate property.

### B. *Buie Is Entitled to Reimbursement for the Contribution of Her Separate Property Funds to Buy the Porsche*

Buie argues that if the Porsche is determined to be community property, she should be reimbursed, as part of the division and equalization of the community estate, for her contribution of the separate property funds used to purchase the Porsche. As we will explain, we agree.

Section 2640, subdivision (b) provides: "In the division of the community estate under this division, unless a party has made a written waiver of the right to reimbursement or has signed a writing that has the effect of a waiver, the party shall be reimbursed for the party's contributions to the acquisition of property of the community property estate to the extent the party traces the contributions to a separate property source." This provision "creates a substantive right of reimbursement that can be relinquished only by an express written waiver by the contributing spouse. [Citation.] 'In the absence of such a written waiver the donative intent of the contributing spouse does not bar reimbursement. . . .'" (*In re Marriage of Carpenter* (2002) 100 Cal.App.4th 424, 427 [122 Cal.Rptr.2d 526].)

It is undisputed that the Porsche was bought entirely with funds that were Buie's separate property. It is further undisputed that Buie did not sign a document waiving her right to reimbursement for her separate property contribution to the purchase of the Porsche. Here, because the purchase of the Porsche can be traced entirely to Buie's separate property funds, Buie has a substantive right to reimbursement of those separate property funds under section 2640, subdivision (b).

## DISPOSITION

The family court's ruling classifying the 2001 Porsche 996 as Neighbors's separate property is reversed, and this matter is remanded to the family court for proceedings consistent with this opinion.

McConnell, P. J., and O'Rourke, J., concurred.